FILED - GR
July 24, 2009 2:20 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw__/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Bayard Brooks,** <br><br> Plaintiff, <br><br> v. <br><br> **Pentagroup Financial, LLC,** a Texas limited liability company, and **Asset Recovery Solutions, LLC,** an Illinois limited liability company, <br><br> Defendants. | **1:09-cv-687** <br><br> Hon. **Paul L Maloney** <br> **Chief U.S. District Judge** |

**Complaint**

**I.     Introduction**

1.     This is an action for damages and declaratory relief, brought against debt collectors in response to the debt collectors' abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.     Plaintiff Bayard Brooks is a natural person residing in Kent County, Michigan.

1

Mr. Brooks is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Brooks is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Pentagroup Financial, LLC ("PF") is a Texas limited liability company, with offices at 5959 Corporate Drive, Suite 1400, Houston, Texas 77036 and 3065 Union Road, Orchard Park, New York 14127. According to its website (www.pentagroup.us), the Chairman of PF is Ransom C. Lummis and the Chief Executive Officer of PF is Frank S. Russo. The registered agent for PF is Ransom C. Lummis, 5959 Corporate Drive, Suite 1400, Houston, Texas 77036. PF uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. PF regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. PF is a "debt collector" as the term is defined and/or used in the FDCPA. PF is a "collection agency" and a "licensee" as the terms are defined and/or used in MOC. PF has been sued more than fifty times for violating the FDCPA.

5. Defendant Asset Recovery Solutions, LLC ("ARS") is an Illinois limited liability company, with offices at 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018. According to the Illinois Secretary of State, ARS is managed by Steven Fishbein, 302 Sheffield Lane, Vernon Hills, Illinois 60061 and Tony Eshaya, 302 Sheffield Lane, Vernon Hills, Illinois 60061. The registered agent for ARS is Tony Eshaya, 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018. ARS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ARS is a "debt collector" as the term is defined and/or used in the FDCPA. ARS is a "collection agency" and a "licensee"

as the terms are defined and/or used in MOC.

**IV.    Facts**

6.   Mr. Brooks purchased a motor vehicle for personal, family and household purposes. The transaction was financed by HSBC Auto Finance ("HSBC") (Account No. 500002060400). Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

7.   In 2008, Mr. Brooks due to divorce became unable to pay the debt.

8.   In 2008, Mr. Brooks contacted HSBC regarding his financial hardship. At that time, Mr. Brooks account balance allegedly was around $17,700.40. HSBC advised Mr. Brooks that he qualified for a workout plan which required Mr. Brooks to find a buyer willing to pay $6,500.00 to HSBC, which amount HSBC would agree to accept as satisfaction in full for Mr. Brooks' account balance. Mr. Brooks found a buyer. Mr. Brooks and the buyer provided HSBC with all the information required by HSBC to satisfy the workout plan. Thereafter, HSBC breached its agreement with Mr. Brooks, repossessed the vehicle, allegedly sold the vehicle at a private sale for $3,900.00, and began dunning Mr. Brooks for an alleged deficiency balance of $15,985.62.

9.   As stated, HSBC breached its agreement with Mr. Brooks. HSBC also violated various Michigan laws, including buy not limited to the Consumer Protection Act and the Uniform Commercial Code. As a result, Mr. Brooks owes nothing to HSBC or anyone else in connection with the account he had with HSBC.

10.   Mr. Brooks disputes the alleged debt.

11.   Mr. Brooks refuses to pay the alleged debt.

12. HSBC sold the alleged debt.

13. The alleged debt allegedly was bought and sold multiple times.

14. Defendant Asset Recovery Solutions, LLC supposedly purchased the debt, likely paying around five cents on the dollar.

15. ARS hired defendant Pentagroup Financial, LLC to collect the debt from Mr. Brooks.

16. By letter dated July 16, 2009, PF wrote Mr. Brooks and demanded payment of the debt. A copy of the letter is attached hereto as Exhibit A.

17. The letter attached hereto as Exhibit A is the only written communication sent by PF to Mr. Brooks. The letter failed to contain the information required by the FDCPA, 15 U.S.C. § 1692g(3), (4) and (5).

18. PF failed to send Mr. Brooks a timely notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g(3), (4) and (5).

19. In July 2009, Mr. Brooks spoke by telephone with female PF employee. In the ensuing conversation, the PF employee made the following representations:

   a) PF had been hired by ARS to collect the debt in the amount of $13,872.00.

   b) PF had authority to offer negotiate an out of court settlement.

   c) Derogatory information regarding the debt was being reported on Mr. Brooks credit report.

   d) If Mr. Brooks did not pay the debt, derogatory information regarding the debt would always be on Mr. Brooks' credit report.

   e) Derogatory information regarding the debt would show on Mr. Brooks' credit

report until the debt is either paid in full or settled in full.

f) Mr. Brooks no longer had the right to dispute the debt.

g) In order for Mr. Brooks to dispute the debt, he would have had to dispute the debt with HSBC when HSBC owned the account.

h) Now that the account was in PF's collection office, Mr. Brooks could not dispute the debt and the only thing PF could offer Mr. Brooks is an out of court settlement.

i) PF would not accept Mr. Brooks' dispute of the debt because Mr. Brooks should have been filed with HSBC.

j) ARS would sue Mr. Brooks to collect the debt.

20. PF and its employee made false threats of litigation.

21. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

22. PF and its employee made false statements regarding the length of time for which derogatory information regarding the debt could be reported on Mr. Brooks credit report.

23. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002);

5

(*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

24. PF and its employee made false statements regarding Mr. Brooks rights to dispute the debt.

25. PF and ARS misrepresented the character, amount and legal status of the debt.

26. The acts and omissions of PF, ARS and their employees were done wilfully.

27. PF, ARS and their employees wilfully violated the FDCPA and MOC.

28. ARS has derivative liability for the acts and omissions of PF and its employees.

29. As an actual and proximate result of the acts and omissions of defendants and their employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V.  Claims for Relief

### Count 1– Fair Debt Collection Practices Act

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

   b) Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d) Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendants for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

   d) A declaration that defendants' practices violate the FDCPA; and

   e) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

32  Plaintiff incorporates the foregoing paragraphs by reference.

33.     Defendants have violated MCL § 339.901 *et seq.* Defendants' violations include, but are not necessarily limited to, the following:

a)      Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)      Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c )     Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

d)      Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: July 23, 2009

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

8